1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-19-08261-001-PCT-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Carlos Garcia-Quintana, | |
| Defendant. | |

Pending before the Court is Defendant Carlos Garcia-Quintana ("Defendant")'s Motion to Dismiss Indictment, or Parts Within the Indictment (Doc. 22.) The Motion is denied.

**BACKGROUND**

On November 6, 2019, Defendant was arrested by United States Border Patrol when he was stopped while driving a van that contained eight undocumented immigrants. On November 19, 2019, Defendant was indicted on one count of Transportation of an Illegal Alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii).[1] On December 2, 2019,

---

[1] The text of the indictment states:

> On or about November 6, 2019, in the District of Arizona, the defendant, CARLOS GARCIA-QUINTANA, knowing and in reckless disregard of the fact that certain aliens . . . had come to, entered, and remained in the United States in violation of law, did knowingly transport and move said aliens within the United States by means of transportation and otherwise in furtherance of such violation of law.

(Doc. 17.)

Defendant filed this motion arguing that the indictment failed to allege an essential element of the charged offense.

**DISCUSSION**

**I.  Legal Standard**

An indictment is sufficient if it contains the elements of the offense charged in enough detail to fairly inform the defendant of the charge and to enable him to plead. *Hamling v. United States*, 418 U.S. 87, 117–18 (1974). "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id*.

**II.  Analysis**

> Under 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii),
> Any person who . . . knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law shall be . . . fined under Title 18, imprisoned not more than 5 years, or both[.]

Defendant concedes that the indictment "fairly informs us that the named aliens entered the United States without authorization and were therefore 'inadmissible' under civil immigration law. (8 USC § 1182(a)(6))." (Doc. 22 at 3.) However, Defendant argues that the indictment is "defective" because it does not provide "facts showing a continuing 'violation of law' which was furthered by the transportation provided by the defendant." *Id*. Defendant also argues that "unauthorized entry in violation of 8 USC § 1325(a) is not a continuing offense and does not make subsequent presence unlawful," and that "an alien inadmissible only under 8 USC § 1182(a)(6) is not 'unlawfully present.'" *Id*. at 7.

Defendant provides no authority, nor is the Court aware of any, indicating that the underlying provision of law violated by alien(s) transported in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii) must be specified in an indictment. More to the point, individuals who are present in the United States without authorization, as Defendant concedes the indictment fairly asserts, are "commit[ting] a civil . . . violation of federal

law." *Melendres v. Arpaio*, 989 F. Supp. 2d 822, 891 (D. Ariz. 2013). That this violation is not a criminal violation of the law does not prevent the civil violation of the law from meeting the elements under 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii), and Defendant has cited no authority suggesting otherwise. Thus, because the indictment "fairly informs us that the named aliens entered the United States without authorization," it necessarily provides "facts showing a continuing 'violation of law' which was furthered by the transportation provided by the defendant." (Doc. 22 at 3.)

The indictment in this case adequately "inform[s] the accused of the specific offence, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 118. Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant Carlos Garcia-Quintana's Motion to Dismiss Indictment, or Parts Within the Indictment (Doc. 22) is **DENIED.**

Dated this 13th day of January, 2020.

_____
G. Murray Snow
Chief United States District Judge